UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. Bank National Association, solely as Escrow Agent and not in its individual capacity | CIVIL ACTION NO. |
| Plaintiff, | |
| v. | COMPLAINT FOR INTERPLEADER |
| EMCOR Group, Inc. and Transfield Services (Delaware) General Partnership, | |
| Defendants. | |

### Parties, Jurisdiction and Venue

1.    Plaintiff U.S. Bank National Association, as escrow agent, ("U.S. Bank") is a national banking association organized and existing under the laws of the United States, with its main office, as set forth in its articles of association, located in the State of Ohio.

2.    Upon information and belief, defendant EMCOR Group, Inc. ("EMCOR") is a corporation organized and existing under the laws of the state of Delaware, having its principal place of business at 301 Merritt Seven, Norwalk, Connecticut.

3.    Upon information and belief, defendant Transfield Services (Delaware) General Partnership ("Transfield") is a Delaware general partnership, with partners: 1) Transfield Service (USM) Holdings Pty Limited, an Australian Corporation, and 2) Transfield Services Holdings (Delaware) Pty Limited LLC, whose sole member is Transfield Services (International) Pty Limited, an Australian corporation.

4.    In this interpleader action, each of the defendants claims an interest in the proceeds of escrowed funds in an amount in excess of $75,000.

2775275v1

5. This Court has subject-matter jurisdiction over this interpleader action under the provisions of 28 U.S.C. § 1332 because there is complete diversity of citizenship between U.S. Bank and all defendants (together, the "Parties") and the amount in controversy exceeds $75,000, excluding interest and costs.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this District. Venue is also proper in this District pursuant to the forum selection clause in Paragraph 9(j) of the Escrow Agreement.

## Summary of the Adverse Claims

7. On or about June 30, 2011, the Parties entered into an Escrow Agreement (the "Escrow Agreement", a copy of which is attached hereto as Exhibit A) pursuant to which certain funds relating to a Stock Purchase Agreement dated as of May 18, 2011 between EMCOR and Transfield (the "Purchase Agreement") were to be held in escrow in accordance with the terms and provisions of the Escrow Agreement and the Purchase Agreement.

8. Pursuant to the Escrow Agreement, EMCOR and Transfield appointed and designated U.S. Bank as escrow agent (the "Escrow Agent") under the Escrow Agreement and U.S. Bank accepted such appointment under the terms and conditions set forth in the Escrow Agreement.

9. Pursuant to the Escrow Agreement, and in accordance with the Purchase Agreement, the sum of $12,000,000 (the "Original Escrow Fund") was wired to an account maintained by the Escrow Agent.

- 3 -

10. Pursuant to the terms of the Escrow Agreement, the Escrow Agent was to disburse amounts from the Original Escrow Fund (as adjusted to account for earnings, payments and distributions made thereon, and proceeds thereof, the "Escrow Funds") in accordance with the terms of the Escrow Agreement.

11. Pursuant to Section 5(a) of the Escrow Agreement, any Disputed Claim and any dispute arising under the Escrow Agreement with respect to the rights of EMCOR and Transfield to the Escrow Funds was to be settled either by mutual agreement of EMCOR and Transfield (evidenced by Joint Instructions to the Escrow Agent) or in accordance with an order or judgment of a court of competent jurisdiction that is final, enforceable and not subject to further appeal.

12. Pursuant to Section 5(b) of the Escrow Agreement, if any dispute were to arise concerning the rights and obligations of the Parties, any party was authorized and permitted "to file any appropriate legal action to resolve any disagreement between or among the parties [thereto], including without limitation, any action in the nature of interpleader."

13. Pursuant to Section 8(h) of the Escrow Agreement, EMCOR and Transfield agreed to and were obligated to pay the Escrow Agent's fees and expenses.

14. Pursuant to Section 8(i) of the Escrow Agreement, EMCOR and Transfield further agreed to and were obligated to, except in the case of bad faith, gross negligence or willful misconduct, indemnify and hold the Escrow Agent harmless, jointly and severally, from and against any and all expenses (including reasonable attorneys' fees), liabilities,

2775275v1

claims, damages, actions, suits or other charges incurred by or assessed against the Escrow Agent.

15. Section 8(j) of the Escrow Agreement further provided that the Escrow Agent had and was granted a possessory lien on and security interest in the Escrow Funds to secure payment of all amounts owing to it from time to time thereunder, whether then existing or thereafter arising; the Escrow Agent also had the right to deduct from the Escrow Fund, Earnings and proceeds thereof, any such sums upon three business day's notice to EMCOR and Transfield of its intent to do so.

16. Section 9(a) provides that the Escrow Agreement shall be construed by and governed in accordance with the laws of the State of New York.

17. By way of claim letters, including correspondence dated December 20, 2012, December 26, 2012, January 2, 2013, January 14, 2013 and February 6, 2013 (together, the "EMCOR Claim"), EMCOR made claims to the Escrow Funds in an aggregate amount exceeding the full amount of Escrow Funds.

18. Notwithstanding the EMCOR claim submitted by defendant EMCOR, U.S. Bank also has received a claim to the full amount of Escrow Funds by defendant Transfield.

19. More specifically, by way of correspondence dated January 14, 2013, February 15, 2013, March 8, 2013 and March 11, 2013 (together the "Transfield Claim"), Transfield claimed its entitlement to the full amount of Escrow Funds.

2775275v1

20.     EMCOR has notified U.S. Bank that EMCOR claims entitlement to the Escrow Funds and that, in the event U.S. Bank makes payment to anyone other than EMCOR, then EMCOR intends to hold U.S. Bank liable.

21.     Transfield has notified U.S. Bank that Transfield claims entitlement to the Escrow Funds and that, in the event U.S. Bank makes payment to anyone other than Transfield, then Transfield intends to hold U.S. Bank liable.

22.     Despite its knowledge of the EMCOR Claim, Transfield remains steadfast in its claim to the Escrow Funds.

23.     Despite its knowledge of the claim of Transfield Claim, EMCOR remains steadfast in its claim to the Escrow Funds.

24.     U.S. Bank is in doubt as to which of the defendants is right in their respective claims, and has no means to satisfactorily ascertain or adjudicate the defendants' competing claims.

25.     U.S. Bank cannot pay over the Escrow Funds to any or either of the defendants without taking upon itself the responsibility of determining doubtful questions of law and fact.

## Interpleader is the Proper Remedy

26.     U.S. Bank admits that the remaining amount of Escrow Funds in the undisputed amount of $8,957,067.80 are now due and payable either to defendant EMCOR or to defendant Transfield.

27.     Other than its charging lien for any unpaid fees and expenses of the Escrow Agent, U.S. Bank claims no beneficial interest in the Escrow Funds but is a disinterested

stakeholder. U.S. Bank offers, and is ready and willing, to bring the Escrow Funds into Court and to abide the judgment to be made and entered herein.

28. Unless the conflicting and adverse claims to the Escrow Funds are disposed of in a single proceeding, U.S. Bank is potentially subject to multiple litigations and at a substantial risk of suffering duplicate or inconsistent rulings on liability.

29. Under the provisions of Rule 22 of the Federal Rules of Civil Procedure, U.S. Bank is entitled to join all persons asserting claims against it in a single proceeding so that it may avoid duplicative litigation and the possibility of double or inconsistent liability on the conflicting and adverse claims of the defendants.

WHEREFORE, U.S. Bank respectfully demands the following relief:

1. An order directing that the defendants be required to interplead and settle between themselves their rights to the Escrow Funds;

2. An order directing that U.S. Bank be discharged from all other or further liability related to the Escrow Agreement or the Escrow Funds;

3. An order directing that the defendants be enjoined from prosecuting or attempting to prosecute or taking any further action to secure payment of the Escrow Funds other than this action;

4. An order directing that U.S. Bank be awarded its unpaid costs and attorneys' fees incurred in this action; and

5. Such other and further relief as may be proper.

Dated:   May 21, 2013.

        PLAINTIFF,
        U.S. BANK NATIONAL ASSOCIATION,
        as Escrow Agent

By _____
    Kathleen M. LaManna
    Shipman & Goodwin LLP
    One Constitution Plaza
    Hartford, CT 06103
    (860) 251-5000
    Fax (860) 251-5218
    klamanna@goodwin.com
    Its Attorneys